IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEANNIE O. OLIVER,

                Plaintiff,                            ORDER

v.

                                                      12-cv-00400-wmc

CAROLYN COLVIN, Acting Commissioner of Social Security,

                Defendant.

---

Pursuant to 42 U.S.C. § 405(g), plaintiff Jeannie O. Oliver seeks judicial review of an adverse decision of the Commissioner of Social Security, which has been briefed and scheduled for oral argument on February 6, 2014. Upon review of the Social Security Record, the court notes that ALJ Arthur J. Schneider rendered two decisions subject to review in this case. The relevant Residual Functional Capacity ("RFC") determination in both decisions is summarized in the table below with apparent inconsistencies highlighted:

|  | First Decision (March 16, 2009) | Second Decision (October 29, 2010) |
|---|---|---|
| RFC | The ALJ found Plaintiff to have the following RFC: "a full range of work at exertional levels but with the following nonexertional limitations: The claimant **should not be exposed to conditions of extreme heat or humidity (*i.e.*, "heat and humidity limitation")** and may be limited to overhead work." (R.57). | The ALJ found Plaintiff to have the following RFC: "to perform simple, routine, repetitive light work which would **not involve concentrated exposure to gases, fumes, odors, or dust in ill-ventilated environments (*i.e.*, "ventilation limitation")**; she should avoid hazardous machinery and dangerous heights; she is able to understand, carry out and remember simple instructions, relate appropriately to supervisors, co-workers and the public, and is able to adjust to changes in the work setting" (R.24-25). |

While the parties are not precluded from addressing other matters at the February 6th hearing, they should be prepared to address the following issues and sub-issues:

**1.** Whether RFC finding is erroneous because it fails to properly account for the severe limitations credited by the ALJ with respect to Plaintiff's persistent hot flashes?

> **a**. Plaintiff's hot flashes impairment is, at least in part, supposedly accounted for in the First Decision by reference to nonexertional limitations – the heat and humidity limitation.[1] The Commissioner also states in briefing that "[b]y restricting Oliver to a limited range of light work, the ALJ accommodated any limitation due to plantar fasciitis *and hot flashes*." (ECF No. 17 at 4.) In what way does light work (an exertional limitation), specifically account for Plaintiff's hot flashes impairment?
>
> **b.** In the Second Decision, a further nonexertional limitation is added to the RFC determination – the ventilation limitation. In what way, if at all, does the ventilation limitation account for Plaintiff's hot flashes impairment? To what extent is this limitation supported by the evidence (*and* explained in the ALJ's decision)?
>
> **c.** Given that the ventilation limitation is referred to in the RFC, where is there evidence in the record that the limitation was incorporated into a hypothetical question and proposed to the vocational expert? If the ALJ did not propose the limitation to the vocational expert, why not (particularly in circumstances

---

[1] Defendant's position is that the RFC in the First Decision has been incorporated into the Second Decision, and that the findings should be read together.

2

where this limitation arguably was intended to account for Plaintiff's hot flashes impairment)?

**2.** Whether the RFC finding is erroneous because it fails to properly account for the severe limitations credited by the ALJ with respect to plaintiff's plantar fasciitis?

    **a.** Defendant states that the ALJ's RFC finding was reasonable given that plaintiff's credibility was called into question by "her significant daily activities." (ECF No. 17 at 6.) In reply, plaintiff states that the ALJ's reasoning is deficient because it fails to distinguish between activities done at the time and pace under plaintiff's control, as opposed to being done at the time and pace under an employer's control. *See* 20 C.F.R. §404.1573(c). Plaintiff states that the ALJ ignored the actual manner in which plaintiff's activities were carried out because she took breaks between daily activities.[2] (ECF No. 18 at 4.) *See Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004) (finding error where the ALJ failed to consider the difference between an ability to participate in physical activities done at the claimant's pace and the ability to work in a regular work week).[3] Even assuming the First Decision has been incorporated into the Second Decision, where, in either decision, does the ALJ account for plaintiff's argument predicated on the *Carrahine* and *Clifford* cases?

---

[2] Such breaks were also referred to in plaintiff's opening brief. (ECF No. 13 at 12.)

[3] *See also Clifford v. Apfel*, 227 F.3d 863 at 872 (7th Cir. 2000) (stating that the ALJ "failed to consider the difference between a person's being able to engage in sporadic physical activities and her being able to work eight hours a day, five consecutive days of the week.")

      **b.** Plaintiff places much reliance on the opinion of the consultative examiner, Dr. Thomas T. Midthun, relating to her plantar fasciitis impairment to rebut the evidence of Dr. Pat Chan that she can undertake light work. Assuming that the First decision is incorporated into the Second Decision, does the ALJ adequately address inconsistencies between Dr. Midthun's and Dr. Chan's opinions?

      c. Who, if anyone, does plaintiff view as her treating physician with respect to her plantar faciitis condition?

**3.** Whether any actual errors as discussed in 1 and/or 2 above taint substantial evidence related to Step 5 of the ALJ's evaluation process?

    While the court reserves its final decision until after oral argument, the questions above raise concerns regarding the adequacy of the record and whether it has been properly developed for review. *See Herron v. Shalala*, 19 F.3d 329, 333–34 (7th Cir.1994) (stating that the ALJ must explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review). The court notes that these concerns are compounded by the incorporation clause in the Second Decision at R.22, which is far from a model of clarity. On first blush, it would seem to imply incorporation of summarized evidence, but not necessarily findings of fact.[4]

---

[4] Evidence is generally defined as, "Something (including testimony, documents and tangible objects) that tends to prove or disprove the existence of an alleged fact." Black's Law Dictionary 635 (9th ed. 2009) (hereinafter 'Black's). Whereas a finding of fact is generally defined as: "A determination by a judge, jury, or administrative agency of a fact supported by the evidence in the record, usually presented at the trial or hearing." Black's, *supra* at 708.

Given the underlying concerns raised in this Order, the parties are HEREBY ORDERED to inform the court, in writing, by no later than noon on Wednesday February 5, 2014, regarding whether the parties wish to stipulate to a remand pursuant to sentence four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g) to address some or all of the issues and sub-issues noted above. Unless remand is stipulated in writing by that time, then oral argument will proceed on February 6, 2014, as originally scheduled.

Entered this 3rd day of February 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge